Voto particular de conformidad emitido por la
Jueza Asociada Señora Pabón Charneco,
al que se le unen el Juez Asociado Señor Martínez Torres, el Juez Asociado Señor Feliberti Cintrón y el Juez Asociado Señor Estrella Martínez.
Estoy conforme con la Resolución que emitimos hoy so-bre el caso de epígrafe. Además de ser una decisión cón-sona con nuestra reglamentación, permite la admisión pro hac vice de un abogado, condicionada a que este nos in-forme el caso específico en el cual va a postular ante una agencia reguladora.
Sin embargo, en aras de atender algunos de los plantea-mientos contenidos en el voto particular disidente que emite el Juez Presidente, Señor Hernández Denton, me veo obligada a emitir estas expresiones breves.
I
En el voto particular disidente se concluye que la Reso-lución que hoy proveemos “ha lugar” va a convertirse en un *764 subterfugio para la práctica de la profesión en nuestra jurisdicción. Se aduce que esto va a permitir la admisión de abogados que no han aprobado el Examen de Reválida General y que no cumplen con los requisitos de carácter y reputación necesarios para admisión. Discrepamos de es-tas expresiones.
El peticionario nos ha solicitado que le otorguemos una admisión pro hac vice a nuestra jurisdicción. Particularmente, con el propósito de entrevistar, contratar y presentar querellas ante el Financial Industry Regulatory Authority (FINRA) y litigar en los eventuales procedimientos de arbitraje. Esto ante la particularidad de los reclamos de bonos que se están suscitando por los problemas que en-frenta el mercado de valores.
Según esta solicitud, el peticionario cumplió satisfacto-riamente con todas las exigencias de nuestra Regla 12(f), 4 LPRA Ap. XXI-B, de Admisión por Cortesía. Así las cosas, no vislumbro cómo hubiese sido diferente con el curso de acción sugerido por el Juez Presidente. Otorgarle quince (15) días al peticionario para que informe el caso o los ca-sos que presentará ante la agencia reguladora, en nada cambia el hecho de que este ha cumplido con los requisitos exigidos por nuestra reglamentación. Además, como seña-lamos, en esta Resolución hemos ordenado que el peticio-nario nos informe el caso o los casos en los cuales postula-ría ante FINRA. En caso de ser más de una querella, deberá cancelar los correspondientes sellos de rentas internas.
Concluir lo contrario hubiese significado promover que una persona no admitida en nuestra jurisdicción realice actividades que ya este Tribunal ha considerado como pro-pias de la práctica de la abogacía. Tal es el caso de la orientación y la asesoría legal. En In re Gervitz Carbonell, 162 DPR 665, 701 (2004), concluimos que el Canon 33 del Código de Ética Profesional, 4 LPRA Ap. IX, “prohíbe que un abogado no admitido en nuestra jurisdicción suministre *765 consejo legal a los clientes de un abogado aunque se trate de un asunto fuera de los tribunales”. (Enfasis en el original).
Asimismo, recientemente en In re Wolper et al., 189 DPR 292, 305 (2013), enfatizamos que
[...] en nuestra jurisdicción sí se prohíbe el ejercicio de la pro-fesión de la abogacía por parte de personas no autorizadas por este Tribunal. Más aún, como hemos mencionado anterior-mente, esta prohibición no se limita a las comparecencias en los foros judiciales y cuasijudiciales.
Por consiguiente, expresar que la práctica de la aboga-cía se extiende más allá de los foros judiciales y solo con-ceder la admisión por cortesía cuando un abogado no ad-mitido en nuestra jurisdicción va a postular en nuestros foros es antagónico y contradictorio.
No podemos promover que una persona no admitida a nuestra jurisdicción realice funciones que han sido atribui-das a la práctica legal de la profesión sin necesidad de requerir autorización de nuestro Tribunal. Además de con-travenir los cánones del Código de Ética Profesional, esta-mos promoviendo una violación a las disposiciones de la Ley Núm. 17 de 10 de junio de 1939 (4 LPRA see. 740). Esta ley específicamente dispone que si la persona no ha sido admitida a nuestra jurisdicción
[no] podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus asuntos propios, ningún asunto judicial o cuasi judicial ante cualquier tribunal de justicia; Disponién-dose, que la infracción de cualquiera de las disposiciones con-tenidas en esta sección, se considerará y castigará como un delito menos grave [.]
Por estas razones, considero que no podemos penalizar a este abogado que responsablemente nos ha solicitado la admisión por cortesía para exclusivamente atender los re-clamos de bonos que se han suscitado con los inversionis-tas en Puerto Rico. Denegar la solicitud implicaría obligar *766 a que este letrado realice actividades propias de la práctica de la abogacía sin ser admitido a nuestra profesión. En conclusión, reitero el voto de conformidad a la Resolución emitida durante el día de hoy.